Commonwealth ex rel. Sliva, Appellant, *v.* Rundle.

Submitted December 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Henry Sliva*, appellant, in propria persona.

*Ralph B. D'Iorio* and *John R. Graham*, Assistant District Attorneys, *Domenic D. Jerome*, First Assistant District Attorney, and *Jacques H. Fox*, District Attorney, for appellee.

OPINION PER CURIAM, March 24, 1966:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

I dissent. The lower court found that appellant "was not deprived of a constitutional right when he elected to pursue his motion for a new trial and his appeal to the Superior Court without benefit of counsel. He made no application in this respect and cannot now complain simply because his appeal was not successful."

The record reflects, however, that appellant told the trial judge that he wished to file a motion for a new

trial and to appeal. Nonetheless, the court permitted appellant's trial counsel to withdraw from the case at that stage. Appellant then unsuccessfully prosecuted his appeal without counsel.

In *Commonwealth v. Sliva,* 415 Pa. 537, 204 A. 2d 555 (1964), the Supreme Court of Pennsylvania held that an indigent accused must be furnished with counsel in any direct appeal from a judgment of sentence which he has as of right. *Douglas v. California,* 372 U. S. 353 (1963). It further held that, as with right to counsel at trial, any waiver of this constitutional right must be intelligently and understandingly made.

It was the duty of the lower court, in reviewing this petition, to determine whether appellant perfected his own appeal, because he had in fact understandingly waived the right to the assistance of counsel. See *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 22-3, 213 A. 2d 613, 625 (1965). This is especially true in the instant case, since appellant had communicated his intent to appeal to both counsel and court at trial. I cannot conclude, as did the lower court, that simply because appellant elected to pursue his own appeal, he intelligently waived his right to counsel. Appellant's independent action only indicates that he knew of his right to appeal; it does not indicate that he knew of his right to counsel's assistance in this appeal.

I would vacate the order of the lower court and remand for a further hearing to determine whether appellant was denied the assistance of counsel in his direct appeal.